IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00068-MR

| | |
|---|---|
| DAVID L. TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KENNETH LASSITER, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on an initial review of the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1] and on the Petitioner's "Motion for the Appointment of the Assistance of Counsel" [Doc. 4].

**I.    BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina.  On March 2, 2015, he was found guilty by a jury in Iredell County Superior Court of one count of embezzlement greater than $100,000.  [See Doc. 1-1 at 67].  The Petitioner was sentenced to a term of 72 to 96 months' imprisonment.  [Doc. 1 at 1].  The Petitioner did not file a direct appeal.

On March 27, 2019, the Petitioner filed a motion for appropriate relief ("MAR") in the Iredell County Superior Court, asserting the following claims:

(1) that he had diminished mental capacity prior to trial; (2) that he was deprived of the right to counsel; (3) that the indictment was defective; (4) that he was deprived of the right to a speedy trial; (5) that he was deprived of the right to compulsory process; and (6) that the order of restitution was excessive. [Doc. 1-1 at 88-130]. On April 14, 2019, the trial court denied the MAR. [Doc. 1-1 at 131]. The Petitioner filed a petition for a writ of certiorari, which the North Carolina Court of Appeals denied on May 20, 2019. [Id. at 58]. On May 31, 2019, the Petitioner filed the present § 2254 petition, asserting the same claims as those asserted in his MAR. [Doc. 1].

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Here, the Petitioner's judgment was entered on March 2, 2015, when he was sentenced, and the Petitioner did not appeal. Therefore, the Petitioner's conviction became final no later than March 16, 2015, when the time for seeking direct review expired. See N.C. R. App. P. 4(a)(2) (allowing 14 days for the filing of notice of appeal from entry of criminal judgment); Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). Thus, the Petitioner had one year, or until March 16, 2016, to file his § 2254 petition under § 2244(d)(1)(A).[1] The Petitioner did not file the present § 2254

---

[1] None of the Petitioner's filings in the state courts after that date served to resurrect or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

3

Case 5:19-cv-00068-MR  Document 7  Filed 10/14/20  Page 3 of 6

Petition, however, until May 2019. The Petition is therefore subject to being dismissed as untimely unless the Petitioner can demonstrate that the Petition is subject to statutory tolling under § 2244(d)(1)(B), (C) or (D), or that equitable tolling should otherwise apply. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In his Petition, the Petitioner asserts that he had diminished capacity due to a serious brain injury and "was not in his right mind" until he had two surgeries to resolve the injury.[2] The Petitioner contends that it would be a miscarriage of justice for his petition not to be heard. [Doc. 1 at 20]. The Petitioner, however, does not specifically address which statutory tolling provision should apply or whether he contends that equitable tolling is applicable. Accordingly, the Court will provide him 21 days to explain why his § 2254 Petition should not be dismissed as untimely, including any

---

[2] In support of this contention, the Petitioner submits three pages of medical records. [See Doc. 1-1 at 71-73]. These records, however, indicate that the Petitioner suffered a traumatic brain injury as a result of a fall in October 2018, over three years after his conviction. These records, therefore, do not support the Petitioner's contention that he had diminished mental capacity at the time of trial in 2015.

4

reasons why statutory or equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

The Petitioner moves for the appointment of counsel. Prisoners have no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Petitioner has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the Petition without further notice.

**IT IS FURTHER ORDERED** that the Petitioner's "Motion for the Appointment of the Assistance of Counsel" [Doc. 4] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 14, 2020

Martin Reidinger
Chief United States District Judge