THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00068-MR

| | |
|---|---|
| DAVID L. TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary, North ) | |
| Carolina Dept. of Public Safety, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Respondent's Motion to Dismiss on Statute of Limitations Grounds filed on February 19, 2021. [Doc. 19]. Also before the Court is the Petitioner's Motion for Hearing, filed on July 19, 2021. [Doc. 25].

## I. PROCEDURAL BACKGROUND

David L. Turner ("the Petitioner"), a prisoner of the state of North Carolina, was convicted in Iredell County Superior Court on March 2, 2015 of one count of embezzlement greater than $100,000. [Doc. 1-1 at 67]. The trial court sentenced the Petitioner to a term of 72 to 96 months' imprisonment. [Doc. 1 at 1]. The Petitioner did not file a direct appeal. [Doc. 1 at 2].

1

On March 27, 2019, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Iredell County Superior Court on the following grounds: (1) that he had diminished mental capacity prior to trial; (2) that he was deprived of the right to counsel; (3) that the indictment was defective; (4) that he was deprived of the right to speedy trial; (5) that he was deprived of the right to compulsory process; and (6) that the order of restitution was excessive. [Doc. 1-1 at 88-130]. The trial court denied the MAR on April 14, 2019. [Doc. 1-1 at 131]. The Petitioner sought certiorari review in the North Carolina Court of Appeals, which the appellate court denied on May 20, 2019. [Doc. 1-1 at 58].

The Petitioner filed the present § 2254 habeas petition in this Court on May 31, 2019, asserting the same claims that were raised in his MAR. [Doc. 1]. The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). [Doc. 19]. The Petitioner has submitted a Response to the Respondent's Motion to Dismiss [Doc. 22] along with a Motion for Hearing [Doc. 25]. The pending motions are now ripe for review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

### A. Respondent's Motion to Dismiss

#### 1. Statute of Limitations

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). [Doc. 19].

The Petitioner's judgment and conviction was entered in the trial court on March 2, 2015. Because the Petitioner did not file a direct appeal, his conviction became final fourteen days later on March 16, 2015 when the time for seeking appellate review expired. See N.C. R.App. 4(a)(2)(providing 14 days in which to file notice of appeal of criminal judgment). The Petitioner then had one year until March 16, 2016 in which to timely file his petition for writ of habeas corpus under 28 U.S.C. § 2254. See § 2244(d)(1)(A).

The one-year limitation period may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). Although the Petitioner filed a MAR in state court seeking post-conviction relief, he did not do so until March 27, 2019—four years after his judgment and conviction became final. The Petitioner's post-conviction MAR did not toll the one-year limitations period for seeking § 2254 review because the Petitioner filed the MAR after the limitations period had expired. See

4

Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, the Petitioner's § 2254 petition filed in this Court on May 31, 2019 was well beyond the statute of limitations and is subject to dismissal unless the Petitioner can show that he is entitled to tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling otherwise applies.

The Petitioner does not dispute that he untimely filed his § 2254 petition. He states in his petition that he "had diminished capacity due to a serious brain injury and was not in his right mind until he had two (2) brain surgeries to resolve his brain injury." [Doc. 1 at 20]. The Petitioner further explains that he was discharged from the hospital on January 5, 2019 and underwent a month of recovery. [Id.]. The Petitioner asserts that his petition is therefore subject to both equitable and statutory tolling. [Doc. 10 at 1].

## 2. Equitable Tolling

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling

5

is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner asserts that he suffered diminished mental capacity due to a serious brain injury and "was not in his right mind" until he had two surgeries to resolve the injury. [Doc. 1 at 20]. He attaches to his § 2254 petition three pages of medical records showing that he sustained a traumatic brain injury (right subdural hematoma and occipital bone fracture) from a fall in October 2018. [Doc. 1-1 at 71-73]. The Petitioner underwent a "bedside bilateral twist drill burr hole" followed by a second surgical procedure (craniectomy) on December 31, 2018 to remove excess pressure from his brain. [Id.].

In his response to this Court's Order directing the Petitioner to address why his petition should not be dismissed as untimely, the Petitioner raised for the first time that he also suffered a previous brain injury in late November 2014 as a result of a fall from a ladder while hanging Christmas lights at his home. [Doc. 10 at 3]. The Petitioner declined his family's request to go to the hospital but claims that he later began to suffer fainting spells along with

6

Case 5:19-cv-00068-MR Document 29 Filed 09/07/21 Page 6 of 16

compromised mental faculties. [Id.]. The Petitioner states that he became "agitated, defiant, aggressive, irrational, unfocused and generally withdrawn" which resulted in his "bizarre irrational behavior" at trial. [Doc. 10 at 4]. The Petitioner also claims that the first brain injury in November 2014 was actually the cause of his second injury in October 2018. [Doc. 10 at 12]. The Petitioner states that following his surgeries and rehabilitation after the October 2018 fall, his mental clarity improved by January 10, 2019, at which point he began to aggressively pursue post-conviction relief. [Doc. 10 at 13].

The Petitioner cites to portions of the trial transcript to show examples of his "bizarre irrational behavior." [Doc. 10 at 4-10]. These include the Petitioner challenging the makeup of the jury, accusing the trial court of engaging in corruption and obstructing justice, challenging the trial court's authority and jurisdiction, the Petitioner claiming to have "captured" the trial court, and the Petitioner claiming that he was now the trial judge. [Id.]. The Petitioner claims these exchanges should have prompted the trial judge to call into question his competency and order an evaluation. [Doc. 10 at 5].

"[M]ental incompetence is not a *per se* reason to toll a statute of limitations." McSwain v. Davis, 287 F. App'x 450, 456 (6th Cir. 2008). Courts may apply equitable tolling because of a petitioner's mental condition but "only in cases of profound mental incapacity." United States v. Sosa, 364

F.3d 507, 513 (4th Cir. 2004). See also Grant v. McDonnel Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998)(equitable tolling appropriate "only in exceptional circumstances such as institutionalization or adjudged mental incompetence of the litigant").

In determining whether a petitioner suffers from a mental incapacity sufficient to warrant equitable tolling, courts have considered the following factors: (1) whether the petitioner was legally adjudicated incompetent; (2) whether the petitioner was able to pursue legal action during the alleged incapacity; and (3) whether the petitioner's symptoms and response to treatment as demonstrated through available medical evidence reflects an inability to timely file a habeas petition. Langley v. Dir., Dept. of Corrections, 2010 WL 2483876, *7 (E.D. Va. May 28, 2010)(citing McCray v. Oxley, 553 F.Supp.2d 368, 373 (D.Del. 2008); Lawless v. Evans, 545 F.Supp.2d 1044, 1049 (C.D.Cal. 2008); Smith v. Saffle, 28 F. App'x 759, 760 (10th Cir. 2001)). "[T]he petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [the petitioner's] ability to file a timely habeas petition." McSwain v. Davis, 287 F. App'x at 456. The petitioner must allege sufficient facts to establish "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing..." Robison v. Hinkle, 610

8

F. Supp. 2d 533, 539-40 (E.D. Va. April 22, 2009)(citing Rios v. Mazzuca, 78 Fed. Appx. 742, 743 (2d Cir. 2003)).

### a.   Evidence of Mental Incapacity

The Petitioner presents insufficient evidence to establish he suffered from any mental incapacity sufficient to warrant equitable tolling. The Petitioner's claims that he suffered from diminished capacity are conclusory and unsubstantiated by record evidence or medical documentation. See Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005)(general assertion that petitioner suffers from "mental impairments," without more, is insufficient to support equitable tolling).  The Petitioner was never legally adjudicated to be mentally incompetent or institutionalized at any point in time.  The Petitioner produces no documentation to support his claim that he suffered a fall in November 2014 that caused diminished capacity.  The medical records relating to the October 2018 fall make no reference to any prior brain injury from November 2014.  [Doc. 1-1 at 71-73].

There is also nothing in the record to support the Petitioner's claim that his behavior at trial warranted the trial judge's intervention regarding the Petitioner's competency. The Court has reviewed the trial transcript, submitted by the Respondent as exhibits 22-25 in support of its Motion to Dismiss.  [Docs. 20-23, 20-24, 20-25, 20-26].  The  Court finds that the

9

Petitioner was able to represent himself at trial, present his defense, and demonstrate an understanding of the proceedings. The Petitioner questioned witnesses, made objections, participated in discussions regarding exhibits and evidence, made opening and closing arguments, and followed court procedures. The trial court also found that the Petitioner's waiver of counsel was knowingly, voluntarily, and intelligently made. [Doc. 20-5].

The instances cited by the Petitioner as examples of his "bizarre irrational behavior" at trial do not establish that the Petitioner suffered from diminished mental capacity. [Doc. 10 at 4-10]. Rather, they merely show that the Petitioner exhibited certain behaviors indicative of the sovereign citizen movement.[1] While the Petitioner's actions at trial may have been "bizarre" at times, they do not reflect a diminished mental capacity. Holding sovereign citizen views and filing sovereign citizen litigation is not an indicator that one suffers from diminished mental capacity. United States v. Neal, 776 F.3d 645, 656-57 (9th Cir. 2015). See also United States v. Davis, 586 F. App'x 534, 537 (11th Cir. 2014)(court did not abuse discretion by not

---

[1] "The sovereign citizen movement is premised on a theory that federal, state, and local governments are illegitimate and thus, laws and regulations enacted by those bodies are unenforceable." West v. Purported Agents of Secretary of Treasury of United States, 2019 WL 3072602, *2 (W.D.N.C. July 12, 2019). See also United States v. Mitchell, 405 F. Supp. 2d 602, 604-06 (D. Md. 2005)(summarizing history of "sovereign citizen" legal theories).

ordering psychological evaluation where defendant's assertions and filings reflected sovereign citizen ideology and beliefs and did not render him mentally incompetent to stand trial).

### b. Petitioner's Ability to Pursue Legal Action

The record reflects that the Petitioner was capable of and did file other legal pleadings during the time period for which he seeks equitable tolling. Two months before his alleged November 2014 fall, the Petitioner filed a *pro se* lawsuit in this Court on September 19, 2014 against the state prosecutor, detective, and judges involved in his criminal proceeding, and in which he filed multiple pleadings before the Court dismissed the complaint as "completely indecipherable" on April 16, 2015. See Case 5:14-cv-00154RLV-DSC (W.D.N.C.), [Docs. 20-8, 20-9]. The Petitioner filed a Motion to Compel Documents in this Court on October 4, 2016 requesting this Court order the Iredell County Superior Court to produce documents needed for appeal, which this Court dismissed on December 6, 2016. See Case 5:16-mc-00006-RLV-DSC (W.D.N.C.), [Doc. 20-21]. On October 8, 2014, the Petitioner filed a *pro se* lawsuit against Wells Fargo Bank which this Court dismissed on December 5, 2014 for failure to state a claim. See Case 5:14-cv-00159-MOC (W.D.N.C.), [Docs. 20-10, 20-11].

The Petitioner filed multiple pleadings in state court beginning on March 16, 2016 seeking copies of documents and transcripts, including a filing on July 21, 2017 requesting documents needed to pursue post-conviction relief. [Docs. 20-12, 20-13, 20-14, 20-16, 20-18, 20-22]. Thus, the Petitioner was making efforts to obtain documents to pursue post-conviction long before his alleged January 2019 recovery.

Many of the Petitioner's pleadings were also characteristic of sovereign citizen filings and show that he exhibited behavior consistent with the sovereign citizen movement well before his alleged November 2014 injury and continues to raise such arguments to date. The Petitioner filed miscellaneous sovereign citizen pleadings in 2013 and 2014. [Doc. 20-6, 20-8, 20-9, 20-10, 20-11, 20-21, 20-27, 20-28, 20-29]. The Petitioner sought to have an individual named David Wynn Miller testify on his behalf at trial by telephone from Wisconsin, to which the prosecution objection on grounds that Miller was an activist in a tax protest group who had declared himself to be a judge, ambassador, banker, postmaster, King of Hawaii and genius and who had no knowledge of the facts of the case. The trial judge denied the Petitioner's request. [Doc. 1-1 at 68-70]. The Petitioner filed notices with the trial court on this same issue prior to trial in October 2013 and again in

12

February 2015. [Docs. 20-6, 20-7]. The Petitioner also raises this issue in his § 2254 petition. [Doc. 1].

In his response to the Respondent's Motion to Dismiss, the Petitioner attempts to challenge the indictment as defective rather than directly responding to the Respondent's argument that the § 2254 petition is untimely. [Doc. 22]. His claim of defective indictment was also raised as a ground in his § 2254 petition. [Doc. 1]. Based on his ability to file other legal pleadings during the relevant limitations period, the Petitioner fails to establish an inability to timely file his § 2254 petition. See Robison v. Hinkle, 610 F. Supp. 2d 533, 540 (E.D. Va. April 22, 2009)(where a petitioner files other pleadings during the alleged period of incompetency, courts are often unwilling to apply equitable tolling).

### c. Evidence of Causal Connection

Finally, the Petitioner cannot establish a causal connection between any mental incapacity and his failure to timely file his failure to timely file his § 2254 petition. Although the Petitioner's medical evidence shows he suffered from a brain injury from his October 2018 fall, he puts forth no evidence that establishes he suffered any mental infirmity that directly affected his ability to file his habeas petition during the filing period, which ran from March 2015 to March 2016. See Robison v. Hinkle, 610 F. Supp.

13

Case 5:19-cv-00068-MR Document 29 Filed 09/07/21 Page 13 of 16

2d at 533 ("[c]ourts have consistently held that a failure to link a mental condition to a failure to file a timely petition is fatal to a petitioner's claim for equitable tolling"); Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1086, 166 L.Ed.2d 924 (2007)(petitioner fell short of establishing "extraordinary circumstances" required for equitable tolling where petitioner made "no factual showing of mental incapacity"). As such, equitable tolling does not apply to excuse the untimely filing of the Petitioner's § 2254 petition. [2]

### 3. Statutory Tolling

The Petitioner argues that he is entitled to statutory tolling under § 2244(d)(1)(D), which allows for a § 2254 petition to be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." [Doc. 10 at 2]; § 2244(d)(1)(D). The Petitioner claims that it was not until after the surgery to remove excess pressure on his brain that his mental clarity returned, and that by January 10, 2019, he was able to begin the process of due diligence to seek post-conviction relief. [Doc. 10 at 12-14].

---

[2] The Petitioner also asks this Court to grant leniency because he has no access to law books and he has limited legal knowledge. [Doc. 10 at 1]. However, this does not constitute the type of extraordinary circumstances to warrant for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of the law does not warrant equitable tolling of statute of limitations).

14

As previously discussed, the Petitioner fails to demonstrate he suffered any diminished mental capacity during the relevant time periods. The Petitioner was in possession of all the facts needed to support his § 2254 petition by the March 16, 2016 filing deadline and he cannot show that he acted with due diligence. As such, the Petitioner is not entitled to tolling of the statute of limitations under § 2241(d)(1)(D).

B.  **Petitioner's Motion for Hearing**

The Petitioner requests the Court move his case to the docket to be heard. [Doc. 25]. However, because this Order disposes of the Petitioner's § 2254 petition and grants the Respondent's Motion to Dismiss, the Petitioner is not entitled to a hearing. As such, the Petitioner's motion is denied.

IV.  **CONCLUSION**

For the reasons stated herein, the Respondent's Motion to Dismiss [Doc. 19] is granted. The § 2254 petition is untimely and barred by the statute of limitations and the Petitioner fails to establish that he is entitled to equitable or statutory tolling. Because the § 2254 petition is subject to dismissal and the Petitioner is not entitled to relief, the Petitioner's Motion for Hearing [Doc. 25] is denied.

15

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1). The Respondent's Motion to Dismiss on Statute of Limitations Grounds filed on February 19, 2021 [Doc. 19] is **GRANTED** and the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely.

(2). The Petitioner's Motion for Hearing [Doc. 25] is **DENIED**.

(3). The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge